COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:       Javier Abad Ramirez v. The State of Texas

Appellate case number:    01-15-00340-CR

Trial court case number:  1264200

Trial court:                      176th District Court of Harris County

On November 17, 2015, we abated this case and remanded it to the trial court. In the abatement order, we directed the trial court to determine whether appellant wished to prosecute his appeal; if he wished to prosecute his appeal, determine whether his appellate counsel, Kevin P. Keating, had abandoned the appeal; and enter written findings of fact and conclusions of law. We directed the trial court clerk to prepare and file a supplemental clerk's record containing the trial court's findings and conclusions and the court reporter to file a record of the abatement hearing no later than December 14, 2015. A supplemental clerk's record and reporter's record have not been filed. And, appellant has not filed a brief in this appeal.

Accordingly, we continue the abatement of this appeal and remand to the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Kevin P. Keating, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:
(1)  determine whether appellant wishes to prosecute the appeal;
(2)  if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Kevin P. Keating of his duties as appellant's counsel;

---

[1]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(3) if good cause exists, enter a written order relieving Kevin P. Keating of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4) make any other findings and recommendations the trial court deems appropriate; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2015); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd

☑ Acting individually

Date: March 1, 2016